**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

ROBERT DAVIS and
THOMAS DAVIS,

    Plaintiffs,

v.                                                   Case No. 3:06cv244/LAC

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Motion for Remand (doc. 74) in which it seeks a forty-five day stay in order to remand the case to the Office of Personnel Management (OPM) for an administrative determination of whether Plaintiff Thomas Davis is entitled to the hospitalization benefit contained in his health insurance plan.

Although Defendant does not state so directly, it is evident that the motivation behind the motion is Defendant's realization that OPM, in its decision to deny the home nursing benefit, may not have adequately considered the hospitalization benefit, for which the home nursing that Plaintiffs seek may be a viable alternative. Plaintiffs oppose the remand on

grounds that the Court should review the case de novo based on medical evidence submitted by the parties.

While the Court may grant relief by ordering that the benefit be awarded to the insured, it may also in its discretion remand the matter to OPM, especially in situations where the record lacks sufficient clarity or detail. *See*, *e.g.*, *East Texas Elec. Coop., Inc. v. F.E.R.C.*, 331 F.3d 131 (D.C. Cir. 2003); *Pacific Gas and Elec. Co. v. F.E.R.C.*, 306 F.3d 1112 (D.C. Cir. 2002); *Secretary of Labor of U. S. v. Farino*, 490 F.2d 885 (7th Cir. 1973), *Maryland Native Plant Society v. U.S. Army Corps of Engineers*, 332 F.Supp.2d 845 (D. Md. 2004).

Given the current posture of the proceedings, the Court will grant the motion, but only with the understanding that OPM will fully consider Plaintiff Thomas Davis's medical status and eligibility for the hospitalization benefit on the merits and will provide a detailed analysis thereof in its decision.[1] Failure to do so will be considered a strong indicator that OPM has abdicated its role in this regard and has left the matter for the Court to resolve. The Court also expects that OPM will act with dispatch on this case, and for that reason it is exceedingly unlikely that any extensions of time will be granted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Remand (doc. 74) is **GRANTED**.

---

[1] Defendant is reminded that in the August 30, 2007, Order, the Court determined that Plaintiffs properly administratively exhausted their claim and rejected the argument that OPM does not have jurisdiction or the authority to review the denial of insurance benefits.

2.  This Cause is hereby **STAYED** for a period of **forty-five (45) days** from the date of this Order or until OPM reaches its decision as detailed herein, whichever is earlier.

3.  Plaintiffs' and Defendant's motions for summary judgment (docs. 52 and 58) are **DENIED** without prejudice to their being refiled subsequent to OPM's decision.  The Court will set a briefing schedule in the event such becomes necessary.

**ORDERED** on this 2nd day of October, 2007.

s/*L.A. Collier*
Lacey A. Collier
Senior United States District Judge
